## In re MITCHELL.

### (District Court, E. D. Pennsylvania. May 15, 1918.)

### No. 6022.

1. INTOXICATING LIQUORS ⊜⟹99 —LICENSES—RIGHT CONFERRED.

Under the laws of Pennsylvania, a retail liquor license is a personal privilege, which at the death of the licensee does not pass to his personal representatives.

2. EXECUTORS AND ADMINISTRATORS ⊜⟹115—MANAGEMENT OF TRUSTEES—ESTATE—INDIVIDUAL INTEREST.

As the fixtures, good will, and unexpired term of a lease on premises wherein the deceased carried on a retail liquor business were assets of the estate, and a liquor license would add materially to their value, the personal representative, having procured a transfer of the license and renewal in his own name, must be deemed to hold it as trustee for the creditors and beneficiaries of the estate.

3. BANKRUPTCY ⊜⟹140(3)—PROPERTY TO BE ADMINISTERED—ASSETS HELD BY BANKRUPT AS EXECUTRIX.

Where the bankrupt, who was executrix of the estate of her husband, who carried on a retail liquor business, procured a transfer of the license and conducted the saloon business, held, that a creditor of the husband's estate is not entitled to have the proceeds from sale of the license treated as an asset of the husband's estate, but proceeds should be administered in bankruptcy.

4. ESTOPPEL ⊜⟹77—DEALING WITH EXECUTRIX—INDIVIDUAL TITLE.

Where a creditor of the estate of a deceased liquor dealer extended credit to his executrix, who secured a transfer of the license and conducted the business, such creditor must be presumed to have acquiesced in the executrix's appropriation of the license.

In Bankruptcy. In the matter of the bankruptcy of Cecilia Mitchell. On certificate to review an order denying the petition of the John McGlinn Distilling Company. Order of referee affirmed.

Henry A. Hoefler, of Philadelphia, Pa., for petitioner.

Grover Cleveland Ladner and Ladner & Ladner, all of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. The facts are fully set out in the opinion of the referee. Briefly summarized they are as follows:

The bankrupt is the widow of Michael Mitchell, who died July 11, 1915. The bankrupt, Cecilia Mitchell, by his will was made executrix and the sole beneficiary of his estate. The decedent was the owner of a retail liquor license for premises at Eighth and Parrish streets, Philadelphia, which he held under lease, together with the good will and fixtures of the saloon business. After his death, upon application to the court of quarter sessions, the license was transferred to the bankrupt, and she went into possession of the premises and conducted the business until a petition in bankruptcy was filed against her on the 7th of March, 1917. An adjudication was entered on April 18, 1917. A trustee having been elected, the referee entered an order for a private sale, under which, on May 28, 1917, the trustee sold the liquor license, stock, good will, and fixtures for the sum of $1,000. The sale was duly

confirmed without objection, and acquiesced in by the present petitioner. The bankrupt was indebted to an amount in excess of $13,000, all of which indebtedness was bona fide incurred by her in the saloon business subsequent to her engaging therein.

The petitioner, John McGlinn Distilling Company, filed a petition, setting out that it was a creditor of Michael Mitchell, and had recovered a judgment against Cecilia Mitchell, as his executrix, on October 14, 1916, for $3,731.95; that the market value of the license, with the leasehold and good will, at the time of the transfer to the bankrupt, was not less than $5,000; that she had not accounted for the value thereof to the creditors of the estate. It is claimed that she became a trustee for the benefit of the creditors for the market value of the license, with the leasehold and good will, and that the proceeds of the sale should be awarded to the estate of Michael Mitchell, deceased, as a preference, to the exclusion of the general creditors of the bankrupt.

The referee denied the prayer of the petition, with leave to the petitioner to file a claim as a general creditor. This order of the referee comes before the court for review.

[1, 2] It is conclusively established as the law of Pennsylvania that a retail liquor license is a personal privilege, which at the death of the licensee does not pass to his personal representatives. Inasmuch as the fixtures, good will, and unexpired term of the lease of the licensed premises are assets of his estate, and a liquor license for the leased premises may add materially to the value of the fixtures, good will, and unexpired term of the lease, it cannot be used by the executor or administrator for his own profit, but the renewal or transfer of the license for the premises in which the leasehold exists will inure to the benefit of those to whom he stands in the relation of trustee; that is, the creditors and beneficiaries of the estate. Upon these grounds the courts have held that an executor or administrator, who has failed to sell the lease, good will, and fixtures of the licensed premises for the benefit of the estate with the transferred license, will be surcharged with the value thereof. Buck's Estate, 185 Pa. 57, 39 Atl. 821, 64 Am. St. Rep. 816; Aschenbach v. Carey, 224 Pa. 303, 73 Atl. 435; Immendorf's Estate, 190 Pa. 590, 42 Atl. 959.

[3] In the present case the bankrupt, being executrix of her husband's estate and having obtained the transfer of the license, took possession of the leased premises, together with the good will and fixtures of the business, and conducted the business for a period of some 20 months. She was not conducting the business for the benefit of the estate, but was conducting it in her own right. She having taken a transfer of the license and the renewals thereof, and having taken over these assets of the estate and held them in her own right, the petitioner, upon proper showing to the orphans' court, could, by reason of her trust relation, have required her to account for the value of the leasehold, good will, and fixtures as affected by the license, and she would, upon failure to pay, be surcharged with their value at the time she took them over. It does not follow, however, because as executrix she would have been surcharged with the value of what was appropriated by her, that the proceeds of the present sale are an asset of her de-

ceased husband's estate. It is her indebtedness for the value of what she appropriated to her own use that is an asset of that estate.

The creditors, to whom she became indebted in her venture in the saloon business, in the conduct of which she has become a bankrupt, are entitled to have the funds derived from the sale of the assets used in that business administered in bankruptcy. The business was conducted openly and notoriously as the business of the bankrupt, and even though she appropriated to herself assets, for the value of which, in connection with the license, she was accountable to the court in which her husband's estate was under administration, the creditors to whom she became personally indebted have a primary right to have the proceeds of the sale applied to payment of their debts incurred in carrying on the business.

[4] The petitioner, John McGlinn Distilling Company, must be presumed to have acquiesced in the appropriation by the bankrupt, as it appears by the transcript of the proceedings before the referee that it presented and had allowed a proof of claim in the sum of $306.68, incurred in this very business. It is not, therefore, in a position to claim now that the business was conducted by the bankrupt for her husband's estate, and not in her own right.

The claims of creditors are, as found by the referee, largely in excess of the assets, so that there will be no overplus to go to satisfy the creditors of the husband's estate. If there were an overplus after payment of creditors, the remedy of the petitioner would be through appropriate proceedings against the executrix in the orphans' court.

The order of the referee is affirmed, and the petition dismissed.