Argued April 5, affirmed October 2, 1968

LENTS, INC., *Respondent, v.* BORSTAD,
*Appellant.*

445 P. 2d 597

*William Edward Gross,* Portland, argued the cause for appellant. With him on the briefs were Deane Sterndale Bennett, and Fulop, Gross & Saxon, Portland.

*Dean P. Gisvold,* Portland, argued the cause for respondent. With him on the brief were John R. Faust, Jr., and Cake, Jaureguy, Hardy, Buttler & McEwen, Portland.

Before McALLISTER, Presiding Justice, and O'CONNELL and HOLMAN, Justices.

McALLISTER, J.

This is an action for money tried by the court, which found for plaintiff. Defendant appeals.

There is no dispute about the controlling facts. The defendant Borstad had been engaged for many years in the business of installing communications equipment. In 1961 he organized a corporation, Adon, Inc., and transferred his business to it. He was the president and sole stockholder of the corporation. In October, 1964, Adon, Inc. incurred a debt of $1,890 to the plaintiff, Lents, Inc., for the installation of electric wiring. Adon, Inc. did not pay, and in this action plaintiff recovered a judgment for that debt against Borstad personally.

The personal liability of Borstad for the corporate debt is based on the following circumstances. In December, 1964, Adon, Inc. was dissolved by the Corporation Commissioner for its failure to file annual reports for 1962 and 1963 and to pay its annual license fees for those years. ORS 57.585 (2) (b). Borstad claimed that he did not receive the notice of dissolution,

but in any event, he continued to operate the business until October, 1965, when Adon, Inc. filed a petition in bankruptcy. In the bankruptcy proceeding plaintiff was listed as a creditor of Adon, Inc.

After filing in bankruptcy, Adon, Inc. applied to the Corporation Commissioner for the reinstatement of its corporate franchise. After filing the required reports and paying the required fees, Adon, Inc. was reinstated on April 7, 1966. ORS 57.585 (2) (c).

The complaint alleged that when Adon, Inc. was dissolved it was indebted to plaintiff, that its assets exceeded its liabilities, and that Borstad, instead of winding up the affairs of the corporation, continued to operate its business, and dissipated its assets, to plaintiff's damage in the sum of $1,890. The court found that the assets owned by Adon, Inc. as of the date of its dissolution "were dissipated through the continued operation of the business after dissolution."

On October 19, 1965, Borstad personally filed a petition in bankruptcy, and also listed plaintiff as a creditor. This action was not filed until February 15, 1966.

Borstad on appeal raises only three narrow questions. In the court below he filed a plea in abatement alleging in substance that Adon, Inc. was reinstated and that the reinstatement operated *nunc pro tunc* to cancel the dissolution *ab initio,* and absolve Borstad of any liability resulting from his operation of the business while the corporation was dissolved. The court sustained a demurrer to this plea in abatement, and Borstad assigns that ruling as error.

■ Since Borstad does not challenge the basis of his personal liability, i.e., dissipation of the assets while operating the corporate business after the corporation had been dissolved, we express no opinion about

that part of the case. Borstad contends only that any liability he might have incurred was absolved by the subsequent reinstatement of the corporation. There is no merit in this contention. If we adopted Borstad's view, the directors of a corporation could permit it to be dissolved, dissipate its assets, and then escape liability to the stockholders and creditors by simply reinstating the corporate franchise. The mere statement of the proposition demonstrates its fallacy. We are not concerned here with the validation of corporate acts between dissolution and reinstatement.

■ Borstad also filed a plea in abatement alleging that he had filed a petition in bankruptcy and had listed plaintiff as a creditor. A demurrer to this plea was sustained and that ruling is also assigned as error. This assignment is equally without merit. The mere filing of a petition in bankruptcy does not oust state courts of jurisdiction over a suit or action against the bankrupt. 1 Collier, Bankruptcy (14th ed 1968), § 2.61, § 2.62 (4).

■ Borstad contends finally that the judgment is inconsistent with the special findings because the judgment "does not specify on which cause of action" it is based. The complaint contained two causes of action, one for dissipation of assets, and the other for conversion of the same assets. The court found dissipation of assets as alleged in the first cause of action and the judgment is obviously based on that finding. This assignment of error also lacks merit.

The judgment is affirmed.