IN RE APPLICATION OF RALPH SAATHOFF V. JBH &
ASSOCIATES, INC. NEBRASKA PUBLIC SERVICE
COMMISSION, APPELLEE, V. GRAND ISLAND MOVING &
STORAGE CO., INC., APPELLANT, IMPLEADED WITH BEE
LINE MOTOR FREIGHT, INC., ET AL., AND IDEAL TRUCK
LINES, INC., INTERVENORS-APPELLEES.

278 N. W. 2d 762

Filed May 8, 1979.  No. 42216.

Peterson, Bowman, Larsen & Swanson and Lavern R. Holdeman, for appellant.

Nelson & Harding, Michael J. Ogborn, and Jack L. Shultz, for intervenor-appellee Ideal Truck Lines, Inc.

James E. Ryan, for intervenors-appellees Bee Line Motor Freight, Inc., et al.

Heard before BOSLAUGH, CLINTON, BRODKEY, and HASTINGS, JJ., and BARTU, District Judge.

CLINTON, J.

Grand Island Moving & Storage Co., Inc. (hereinafter Grand Island), an alleged secured creditor of JBH & Associates, Inc. (hereinafter JBH), by reason of having succeeded by merger to the interest of Arrow Freight Lines, Inc. (hereinafter Arrow), has appealed from an order of the Nebraska Public Service Commission (hereinafter Commission), overruling its motion for rehearing on an order of the Commission revoking the certificate of public convenience and necessity of JBH as a common carrier of goods. The proceedings commenced with the filing of a complaint by the director of the motor transportation department of the Commission which alleged that JBH had willfully failed to file an annual report with the Commission as required by sec-

tion 75-116, R. R. S. 1943, and had willfully suspended operations under its certificate without permission of the Commission contrary to the provisions of section 75-316, R. R. S. 1943. The authority for the proceedings is section 75-315, R. R. S. 1943, which provides, among other things, that the Commission *"may,* upon complaint or on the commission's own initiative, after notice and hearing," (emphasis supplied), suspend, revoke, or change a certificate of the carrier "for willful failure to comply with any of the provisions of sections 75-101 to 75-801."

Grand Island assigns as error: (1) The action of the Commission in revoking the certificate was arbitrary, unreasonable, not supported by substantial evidence, and contrary to the public interest. (2) The action was arbitrary, unreasonable, and unlawful because it failed to consider the interests of Grand Island, a secured creditor of JBH. (3) The Commission's action was void because the federal bankruptcy court held the operating "authority" as an asset of the estate of JBH and was therefore under exclusive jurisdiction of that court. We affirm.

Regrettably, it is necessary to outline the chronology of the proceedings in this case in order to understand the contentions. After we have done that, we will discuss the evidence and the law.

The amended complaint was filed on September 7, 1977, notice of hearing was given to JBH on October 11, 1977, and hearing was set for October 19 of that year. On October 19, JBH filed a suggestion of bankruptcy with the Commission indicating that it had, on the preceding day, October 18, 1977, filed in the United States District Court for Nebraska a petition for an arrangement under Chapter XI of the Bankruptcy Act. This suggestion filed by JBH informed the Commission that it was enjoined from proceeding by reason of the bankruptcy filing. Arrow made an appearance by counsel at the hearing where a copy of JBH's suggestion of bankruptcy

was received. To the suggestion was attached copies of a petition under Chapter XI, and a list of creditors. The list did not name Arrow as a creditor. The hearing then proceeded with only the Commission offering evidence. After the Commission rested, counsel for Arrow then made argument to the court and, in the course thereof, referred to the existence of a temporary lease of the authority from JBH to an organization referred to as North Iowa Express, Inc., as well as to an agreement for transfer, with the approval of the Commission, of the authority from JBH to North Iowa Express, Inc. At the suggestion of the examiner for the Commission, copies of the temporary lease and the agreement were "left as exhibit(s)." No evidence was offered by either JBH or Arrow as to the identity of North Iowa Express, Inc., or its readiness, willingness, and ability either to perform the agreement or to operate under the certificate. Counsel for Arrow indicated in response to requests from the examiner that it had no evidence with reference thereto. The hearing was closed and it was stated: ". . . this will be brought before the full Commission for consideration, . . . ."

Thereafter on March 3, 1978, before the Commission had taken any further action, Grand Island filed a motion "To Postpone and To Consolidate." It alleged that JBH's certificate had been acquired from Arrow by purchase with commission approval on April 12, 1976; subsequently Arrow was merged (no date alleged) with Grand Island and Grand Island became the owner of Arrow's interest in the purchase agreement which was an installment contract; the balance owing on the contract was secured by "the certificate issued to JBH;" JBH was in default (no date alleged); on February 17, 1978, JBH was adjudged bankrupt; the trustee in bankruptcy had abandoned the certificate to the "secured creditor;" Grand Island and JBH had agreed on

some unspecified date in 1978 that the authority be transferred to Grand Island and that Commission approval would be sought for such transfer; Grand Island proposed to file with the Commission an application to have the certificate reassigned to it as successor to Arrow; and no action had been taken to date by the Commission on the complaint against JBH. Grand Island further alleged that cancellation of the certificate was not in the public interest or in the interest of Grand Island and alleged it would be monetarily damaged by such revocation. This motion was never ruled upon and no action by Grand Island to offer evidence in support of the factual allegations or to have the motion ruled upon is shown in the record.

On March 7, 1978, Grand Island filed an application to intervene in this case. The Commission granted this motion, noting that Arrow, Grand Island's alleged predecessor in interest, had appeared at the hearing on October 19, 1977, without filing a petition to intervene. The order further stated: "The Commission's rules permit an intervenor who files after a hearing to become a party of record to participate in oral argument on briefs only as to the evidence adduced and the law applicable thereto." This apparently refers to the evidence adduced at the prior hearing.

On March 27, 1978, the Commission entered an order revoking the certificate of JBH, finding willful failure in the two respects previously mentioned. The Commission order also recites: "October 27, 1977 the Commission was notified that Defendant had taken bankruptcy and that the Bankruptcy Court had stayed the commencement or continuation of any proceeding against the Defendant. February 21, 1978 the Commission was notified by the Bankruptcy Court that Defendant had been judged a bankrupt. March 1, 1978, the Commission was notified by the Bankruptcy Court that the Trustee in

Bankruptcy had abandoned the authority . . . ." The record contains no evidence of such notification or facts above described.

At the hearing on October 19, 1977, a Commission witness testified he could not find the annual report of JBH in the records of the Commission. The report in question would have been the first report required to be filed by JBH as it had acquired its authority on April 12, 1976, by transfer from Arrow. The witness made no investigation to determine whether or not JBH had prepared a report and, if one had been prepared, whether or not it had been transmitted to the Commission; nor, if one was not prepared, whether it was the consequence of oversight or some other reason indicating it was not intentional.

In Herman Brothers, Inc. v. Hennis Freight Lines, Inc., 192 Neb. 258, 220 N. W. 2d 230, we said: "The term 'willful failure' as used in the statute giving the Nebraska Public Service Commission jurisdiction and authority to suspend, change, or revoke a certificate of public convenience and necessity for failure to comply with the provisions of the Motor Carrier Act is such behavior through acts of commission or omission which justifies a belief that there was an intent entered into and characterizing the failure complained of. Schmunk v. West Nebraska Express, Inc., 159 Neb. 134, 65 N. W. 2d 386." Had there been evidence of a repeated or continued failure to file reports, then there would have been some evidence of willfulness within the meaning of the statute. Safeway Cabs, Inc. v. Honer, 155 Neb. 418, 52 N. W. 2d 266. It is clear from our holding in Herman Brothers, Inc. v. Hennis Freight Lines, Inc., supra, that a failure through mere oversight to file the annual report would not be such willful failure as would justify revocation. The burden was on the complainant to show the requisite intent. It did not. The action of the Commission in basing its order on

the willful failure to file the annual report is not supported by substantial evidence.

As to the willful suspension of operations under the certificate without the permission of the Commission, the evidence was as follows. On August 10, 1977, a Commission inspector visited JBH's terminal in Grand Island, Nebraska. There he observed no freight on the docks and no tractors in the lot. There were some trailers. At that time, he spoke to Mr. Hellman, owner of JBH, and was told that JBH had closed down; he "wasn't trucking any more, and all the tractors were gone." On August 23, 1977, the inspector visited the terminal for the purpose of determining why a claim against JBH had not been paid. On this occasion he was told by an employee of JBH, a secretary, that a petition in bankruptcy had been prepared and would be filed. On the day of this visit there was no activity about the terminal which would indicate the firm was doing business. The witness had made occasional inspections at the terminal shortly before August 10, 1977, and the firm was doing business at that time. The above evidence, particularly the statement of Hellman, was sufficient to show a willful failure to operate without having obtained the consent of the Commission. An act or failure to act may be willful within the meaning of the statute even though a decision to cease operations may be the consequence of circumstances over which the carrier may have had no absolute control such as, as is inferable in this case, financial failure. In Safeway Cabs, Inc. v. Honer, *supra*, we held that a failure by a taxicab operator to use a certificate was willful although occasioned by an accident to his cab and injuries to himself, where over a period of time he made no effort to procure a replacement cab or driver and the evidence indicated he was interested only in disposing of his damaged cab and the certificate.

In our review of Commission findings we are lim-

ited by the following principle: "On an appeal to the Supreme Court from an order of the Nebraska Public Service Commission, administrative or legislative in character, the only questions to be determined are whether the commission acted within the scope of its authority and whether the order complained of is reasonable and not arbitrarily made." Herman Brothers, Inc. v. Hennis Freight Lines, Inc., *supra*.

We now turn to Grand Island's third assignment, i.e., the Commission should not have revoked the authority in order that Grand Island's interest as a secured creditor might be protected. Grand Island especially complains of the Commission's conclusion that it had no authority under the statutes "to enforce security interests." It further complains the Commission did not act on its motion to postpone the revocation matter and consolidate it with the proposed application to transfer the certificate of JBH to Grand Island.

It is evident from Grand Island's pleadings that, if Grand Island did acquire some interest from Arrow, the acquisition occurred after the hearing of October 19, 1977, and after the petition in bankruptcy was filed. The record shows Arrow appeared at the hearing and was allowed to offer evidence; in fact, evidence was solicited from Arrow by the Commission, but it had little to offer. It did not even offer evidence that it was a creditor, secured or otherwise. If we assume Grand Island was a creditor and the position of creditor gave it some standing in the revocation hearing, the claim must fail because there is no proof or offer of proof that Arrow, to whose interest in the security Grand Island claims to have succeeded, was a creditor. Arrow had an opportunity at the hearing of October 19, 1977, to offer whatever evidence it wished. It offered none. Grand Island is in no better position than its privy and is bound by whatever Arrow did or, in this case,

failed to do. Ordinarily a person in privity with a party to an action, in the sense that he will be bound by the judgment, is one who acquired his interest in the subject matter of the suit after the commencement of the action or the rendition of the judgment. Industrial Credit Company v. Berg, 388 F. 2d 835 (8th Cir., 1968); State ex rel. Beck v. Lush, 170 Neb. 376, 103 N. W. 2d 136.

Grand Island argues the action of the Commission is void because the Commission lost jurisdiction upon the filing of the petition in the bankruptcy court. This argument is not well founded and Grand Island cites no authority which supports that position. A certificate of convenience and necessity is, in a sense, an asset of the bankrupt carrier and is recognized as such by Nebraska statutes. § 75-322, R. R. S. 1943. That section permits a trustee, custodian, etc., to operate under the certificate for 90 days and to petition the Commission for authority to operate for an additional period of time. This is an obvious recognition that, in the case of a carrier, the value of the assets to the creditors of the carrier may well depend upon continued operations for a time. The certificate, however, is not property in the ordinary sense, as it is a license, and Commission authorization is required to transfer it. R. B. "Dick" Wilson, Inc. v. Hargleroad, 165 Neb. 468, 86 N. W. 2d 177. A debtor (such as JBH is alleged to be) in possession pursuant to an arrangement is a fiduciary charged with protection of creditor's assets and has the title and power of a trustee. 3 Cowans, Bankruptcy Law and Practice (2d Ed.), § 907, p. 92. In this case there is no evidence that JBH, as a custodian under an arrangement, or any trustee in bankruptcy sought to operate under the certificate during the 90-day period specified by section 75-322, R. R. S. 1943, nor that within that time anyone petitioned for authority to continue operations.

The record indicates the Commission acquired jurisdiction on October 11, 1977. The petition for arrangement was not filed until October 18, 1977. The Commission could not take any action which would interfere with or jeopardize the rights of the fiduciary to act for the debtors under the provisions of section 75-322, R. R. S. 1943. It did not. Even Grand Island pleads that before the Commission acted the certificate was abandoned by a trustee allegedly appointed.

Grand Island relies upon the following principle. '' 'The doctrine of *custodia legis* refers to the power of the Bankruptcy Court to assume complete control over the assets of a bankrupt estate and to prevent any action that would tend to embarrass the Court in the equitable distribution of the estate. 1 Collier on Bankruptcy, ¶ 2.06 (14th Ed. 1971).' The jurisdiction of the Bankruptcy Court over the assets of a bankrupt is 'exclusive'. 1 Collier on Bankruptcy, ¶ 2.06, pp. 155-56 (14th Ed. 1974).'' Grand Island cites no authority, however, which would give the bankruptcy court the authority to approve a transfer of an authority or to revoke an authority. We think it obvious that it had no such authority. The question of what property belongs to the bankrupt as of the date of the petition is determined by state law. Seymour v. Wildgen, 137 F. 2d 160 (10th Cir., 1943); Commercial Credit Co. v. Davidson, 112 F. 2d 54 (5th Cir., 1940). A license held by the bankrupt and which is transferable, vests in the trustee. In re Mitchell, 250 F. 1003 (E. D. Pa., 1918). However, a license which is a personal privilege and which the holder cannot transfer does not vest in the trustee. E. S. Bonnie & Co. v. Perry's Trustee, 117 Ky. 459, 78 S. W. 208. As we have already pointed out, in Nebraska a certificate is a license which may not be transferred without permission of the Commission. R. B. "Dick" Wilson, Inc. v. Hargleroad, *supra*. In this case the rights of the trustee were limited to

those provided by section 75-322, R. R. S. 1943.

The mere filing of a petition in bankruptcy does not deprive a state court of jurisdiction over a pending suit or action against the bankrupt. 1 Collier on Bankruptcy (14th Ed., 1968), ¶ 2.61 [2], p. 323, ¶ 2.62 [4], p. 338; Lents, Inc. v. Borstad, 251 Ore. 296, 445 P. 2d 597; Park v. Stryker, 6 F. 2d 457 (8th Cir., 1925).

We cannot decide whether the Commission erred in determining that, under its power to revoke, it could not consider the interest of a secured creditor. That question is not before us for the reason, as noted, there is no evidence which raises that issue.

Before closing the opinion, a few comments should be made about the briefs and the findings of the Commission in its various orders. Statements of counsel are not evidence. Statements of Commission members are not evidence. Matters of fact known to Commission members are not evidence and are not bases for findings of fact. If matters in the records of the Commission are to be considered by this court on review, they must be included in whatever part of the record, either the bill of exceptions or the transcript, is appropriate under the proper rules.

AFFIRMED.