**Mildred L. FIELDS and Donald Fields, Plaintiffs,**

v.

**Loren P. DEMINT, Defendant.**

**No. 89–0375–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

Sept. 27, 1989.

James P. Cannon, Charles L. House, Kansas City, Mo., for plaintiffs.

John L. Williams, Fields, Brown, Williams & Clark, Kansas City, Mo., for defendant.

## ORDER DISMISSING CASE

BARTLETT, District Judge.

On April 21, 1989, Mildred L. Fields and Donald Fields filed a complaint against Loren P. Demint alleging fraud, misappropriation of assets and securities fraud. They were unaware that defendant had filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada on February 24, 1989. Defendant's Exhibit A. On June 5, 1989, defendant filed a motion to dismiss plaintiffs' complaint due to lack of personal jurisdiction, subject matter jurisdiction and failure to state a claim upon which relief can be granted. Defendant's motion is based on the application of the automatic stay provision of the bankruptcy code to the facts of this case. Plaintiffs do not contest that their action must be stayed pursuant to 11 U.S.C. § 362(a) but request that I retain jurisdiction during defendant's bankruptcy proceedings.

The automatic stay provision of the bankruptcy code provides that a filed bankruptcy petition

> operates as a stay, applicable to all entities, of—(1) the commencement or continuation, including the issuance of process of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The automatic stay applies in this case because plaintiffs' cause of action against defendant arose more than three years before he filed his bankruptcy petition. Complaint at 6.

Plaintiffs assert that they received no notice of defendant's bankruptcy filing. However, the automatic stay becomes effective without actual notice. "The filing of the petition operates as notice to the world." *Matter of Carter,* 16 B.R. 481 (W.D.Mo.1981) (citations omitted).

The automatic stay becomes effective on the date the bankruptcy petition is filed. 2 Collier on Bankrtupcy § 362.11 (1989); *United Northwest Federal Credit Union v. Arens,* 233 Kan. 514, 664 P.2d 811, 813 (1983). Importantly, defendant's bankruptcy petition was filed before the filing of plaintiffs' complaint in this court. Courts have held that the automatic stay does not deprive a court of jurisdiction over a claim which was filed against a debtor *prior* to his filing of bankruptcy; all proceedings against the debtor are then merely suspended. *Saathoff v. J.B.H. and Associates, Inc.,* 203 Neb. 356, 278 N.W.2d 762, 769 (1979); *McKiever v. King and Hatch, Inc.,* 366 So.2d 264 (Ala.1978). However,

the filing of a claim *after* the filing of a bankruptcy petition is in violation of the automatic stay and void. *Borg–Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 1308 (11th Cir.1982); *In ·re Coleman American Companies, Inc.,* 26 B.R. 825, 831 (Bankr.D.Kan.1983); *In re Joe DeLisi Fruit Co.,* 11 B.R. 694 (Bankr.D.Minn. 1981); *United Northwest Federal Credit Union v. Arens,* 664 P.2d at 813.

Plaintiffs argue that I should retain jurisdiction over this case during defendant's bankruptcy proceedings because their cause of action is for a non-dischargeable debt, the underlying cause of action arose in this district, plaintiffs reside in this district and defendant was served with process only after being traced to Nevada. Nonetheless, because the filing of their claim is void and without effect, I cannot alleviate plaintiffs' potential inconvenience and hardship by retaining jurisdiction over this case.

Accordingly, it is hereby ORDERED that pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, plaintiffs' complaint is dismissed due to lack of subject matter jurisdiction.