IN RE APPLICATION OF A TOUCH OF CLASS LIMOUSINE, INC.
A TOUCH OF CLASS LIMOUSINE, INC., APPELLANT, V. OLD MARKET
LIMOUSINE SERVICE, INC., ET AL., APPELLEES.

497 N.W.2d 71

Filed March 19, 1993.    No. S-91-682.

James C. Webering for appellant.

Marshall D. Becker for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

WHITE, J.

On November 1, 1990, A Touch of Class Limousine, Inc., filed an application with the Nebraska Public Service Commission seeking to transport passengers and their baggage by limousine in intrastate commerce between points in Douglas, Sarpy, and Otoe Counties over irregular routes. The application was later amended to exclude from the requested authority the transportation of railroad train crews and their baggage.

Protests directed at the restricted authority were filed by Old Market Limousine Service, Inc.; Star Limousine, Inc.; and Skip Citta Investments, Inc., doing business as Private Coach Limousine Service, as well as Checker Cab Company, Yellow Cab Company, and Happy Cab. Prior to the hearing, the three cab companies withdrew their protests. They took no further part in the proceedings and are not parties to this appeal.

In its order denying the application, the commission found

as follows: (1) Applicant is not fit, willing, and able to properly perform the service proposed and conform with the statutes and rules of the commission thereunder; (2) the service proposed will not be required by present or future public convenience or necessity; (3) the application should be denied; and (4) based on its admission of operating after having been notified to cease and the evidence that it continued to operate while the application was pending, A Touch of Class Limousine, Inc., should be ordered to cease and desist from operating in Nebraska intrastate commerce without a certificate of public convenience and necessity. A Touch of Class Limousine, Inc., appeals.

The applicant assigns four errors. Its first two assignments of error, combined, state that the commission erred in failing to require protestants to furnish documents and to answer interrogatories directed to the protestants' financial condition and profitability, in failing to impose sanctions, and in failing to strike certain testimony of protestants. Next, it alleges the commission erred in finding that the proposed service would not serve the public need and convenience. Last, it alleges the commission erred in finding that applicant was unfit to provide the service.

We will discuss the last assignment of error first, and as the commission finding and order must be affirmed, discussion of the remaining assignments is not necessary.

Neb. Rev. Stat. § 75-311 (Reissue 1990) states in part that

[a] permit shall be issued to any qualified applicant therefor, authorizing in whole or in part the operations covered by the application, if it appears after notice and hearing from the application or from any hearing held thereon *that the applicant is fit, willing, and able properly to perform the service of a contract carrier by motor vehicle and to conform to the provisions of sections 75-301 to 75-322.04 and the lawful requirements, rules, and regulations of the commission thereunder* and that the proposed operation, to the extent authorized by the permit, will be consistent with the public interest by providing services designed to meet the distinct needs of each individual customer or a specifically designated class

of customers as defined in subdivision (11) of section 75-302. Otherwise, such application shall be denied. (Emphasis supplied.)

"On an appeal to the Supreme Court from an order of the Nebraska Public Service Commission, administrative or legislative in character, the only questions to be determined are whether the commission acted within the scope of its authority and whether the order complained of is reasonable and not arbitrarily made."

*Neb. Public Service Commission v. Grand Island Mov. & Stor. Co., Inc.*, 203 Neb. 356, 363, 278 N.W.2d 762, 767 (1979). Accord *Herman Brothers, Inc. v. Hennis Freight Lines, Inc.*, 192 Neb. 258, 220 N.W.2d 230 (1974).

Applicant, A Touch of Class Limousine, Inc., is an Iowa corporation and commenced operations in Iowa, as well as intrastate operations to and from points in Nebraska, approximately $7^1/2$ years prior to the hearing. The management became aware in May 1990 that a certificate was necessary to legitimize intrastate operations in this state. The applicant did not cease operation. The notice of the illegal operation came from a letter from the commission. Shortly after the receipt of the letter, a commission inspector on a personal visit informed applicant's principals that it could not operate without a certificate of authority. A letter from the enforcement branch in December stated that the applicant was operating illegally and warned the applicant that "illegal operations reflect upon the fitness of a carrier when its application is considered." The applicant did not discontinue the service, and was shown to be operating as late as the day before the hearing on March 7, 1991.

In *Groenewold v. Building Movers, Inc.*, 197 Neb. 187, 194, 247 N.W.2d 629, 633 (1976), we said:

We do not think that the performing of unlawful services necessarily renders an applicant unfit to receive a certificate at least where, as here, the record shows and the commission has found that there was no willful and intentional violation. Accordingly we cannot find that the action of the commission was unreasonable and arbitrary.

It is the position of the commission that the willful action of

the applicant in continuing service after at least three warnings of illegal operation establishes that the applicant is unfit to hold a certificate of convenience and necessity. We are unable to say that the action of the commission was arbitrary or capricious. Therefore, the decision of the commission is affirmed.

AFFIRMED.