IN RE APPLICATION OF EASTERN NEBRASKA
NON-STOCK TRUCKING COOP.
EASTERN NEBRASKA NON-STOCK TRUCKING COOP AND EDWIN
VERL ACKLEY, DOING BUSINESS AS ACKLEY & SON, APPELLANTS, V.
NEBRASKA BULK TRANSPORTS, INC.; PARRIS TRUCKING, INC.; AND
N.W. TRANSFER, APPELLEES.

501 N.W.2d 712

Filed June 25, 1993.    No. S-91-460.

Gregory B. Bartels, of Crosby, Guenzel, Davis, Kessner & Kuester, for appellants.

Bradford E. Kistler, of Kinsey Ridenour Becker & Kistler, for appellee Nebraska Bulk Transports.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

FAHRNBRUCH, J.

In this appeal, we affirm the Nebraska Public Service Commission's denial of the application of Eastern Nebraska Non-stock Trucking Coop (Eastern) to operate as a common carrier.

## FACTS

On September 16, 1986, Eastern was incorporated as a cooperative association pursuant to Neb. Rev. Stat. § 21-1401 et seq. (Reissue 1991), the Nonstock Cooperative Marketing Act. The original incorporators of Eastern were Nehawka Farmers Cooperative Company and Greenwood Farmers Cooperative. Soon after its incorporation, Farmers Elevator of Elmwood, another cooperative, joined Eastern.

One purpose of the Eastern corporation, as stated in its bylaws, was to provide transportation and related services to its members. Dennis Hoback, Eastern's general manager, testified before the Nebraska Public Service Commission (PSC) that the corporation was formed to serve the transportation needs of member co-ops, because the co-ops were having difficulty getting goods hauled on a timely basis.

On October 9, 1990, Eastern filed an application with the PSC seeking authority as a common carrier for the transportation of property. Eastern had purchased trucking permit No. M-10218 from Edwin Verl Ackley, doing business as Ackley & Son (Ackley), on September 29 for $500. In Eastern's application to the PSC, it sought to have Ackley's authority transferred to Eastern.

Nebraska Bulk Transports, Inc.; Parris Trucking, Inc.; and N.W. Transfer filed protests to the granting of Eastern's application. Additionally, Nebraska Bulk Transports and Parris Trucking filed a complaint against Ackley alleging that Ackley had suspended and discontinued motor carrier service without obtaining approval of the PSC, in willful violation of both Neb. Rev. Stat. § 75-315 (Reissue 1990) and "Chapter 3, Section 002.01B," of the PSC's Motor Carrier Rules and Regulations. The complainants requested that a consolidated

hearing be held to consider their complaint and Eastern's application, and further requested that the PSC revoke Ackley's certificate. Parris Trucking later withdrew its protest and formal complaint conditioned on the PSC's acceptance of a proposed amendment to Eastern's request.

After the consolidated hearing on Eastern's application and Nebraska Bulk Transport's complaint, the PSC dismissed Eastern's application. The dismissal was based upon an opinion of the Attorney General, Att'y Gen. Op. No. 11 (Feb. 7, 1991), which the PSC had sought and received in connection with a different application. The PSC quoted the Attorney General that "it would be inconsistent with both the language and intent of § 75-309.03 to allow an entity exempted from Commission regulation as a 'transportation cooperative' to also hold a certificate as a common carrier or a permit as a contract carrier."

The PSC also found that Ackley had not suspended motor carrier service, but that he was attempting to retire and sell his authority. The PSC dismissed the formal complaint against Ackley.

Eastern timely appealed the dismissal of its application to this court. The dismissal of the formal complaint against Ackley is not an issue in this appeal.

## ASSIGNMENT OF ERROR

Eastern's sole assignment of error claims that the PSC erred in ruling as a matter of law that Eastern's application should be dismissed on the ground that it is inconsistent with the language and intent of Neb. Rev. Stat. § 75-309.03 (Reissue 1990) for a transportation cooperative to hold a certificate of public convenience and necessity.

## SCOPE OF REVIEW

In an appeal to the Supreme Court from an order of the PSC, administrative or legislative in character, the only questions to be determined are whether the PSC acted within the scope of its authority and whether the order complained of is reasonable and not arbitrarily made. *In re Application of A Touch of Class Limousine, ante* p. 33, 497 N.W.2d 71 (1993); *In re Application of Kilthau*, 236 Neb. 811, 464 N.W.2d 162 (1991).

## ANALYSIS

As to the first question, there is no doubt that the PSC acted within the scope of its authority. "The PSC has original jurisdiction and sole power to grant, amend, deny, revoke, or transfer common carrier certificates of public convenience and necessity, and such proceedings are administrative and legislative in character." *In re Application of Kilthau*, 236 Neb. at 815, 464 N.W.2d at 166. Therefore, our only inquiry must be whether the order of the PSC denying Eastern a common carrier certificate is reasonable and not arbitrarily made.

Whether a transportation cooperative under § 75-309.03 may also obtain a certificate to operate as a common carrier in intrastate commerce is a question of first impression. Section 75-309.03 provides in relevant part:

(1) A transportation cooperative consisting of cooperative associations . . . may provide transportation service solely to its member cooperative associations without applying for or receiving a certificate or permit from the commission to provide such service if it meets the following requirements:

(a) The transportation cooperative *has no greater power or purpose other than to provide service to its member cooperative associations*.

(Emphasis supplied.)

The requirement of the statute is clear and is dispositive of the issue before us. To qualify as a transportation cooperative under § 75-309.03(1)(a), the transportation cooperative may have no greater power or purpose than to provide service to the member cooperative associations. The provision of common carrier services to members of the public would vest a transportation cooperative with greater power than to provide service to the member cooperative associations. Therefore, we hold that the granting of common carrier status to a transportation cooperative is inconsistent with the plain language of § 75-309.03(1)(a).

Because common carrier status is inconsistent with Eastern's status as a transportation cooperative, the PSC's order dismissing Eastern's application is reasonable and not arbitrarily made. Eastern's assignment of error is without merit.

## CONCLUSION

Having found that the PSC's order was within the scope of its authority and that it was reasonable and not arbitrarily made, we affirm the order of the PSC dismissing Eastern's application for a common carrier certificate.

AFFIRMED.