No. 54,320

UNITED NORTHWEST FEDERAL CREDIT UNION, *Appellee,* v. WILLIAM H. ARENS and KATHERINE ARENS, *Appellants.*

(664 P.2d 811)

Opinion filed June 10, 1983.

*Kenneth C. Havner,* of Hays, and *John Frederick Arens,* of Fayetteville, Arkansas, were on the brief for the appellants.

*Harold T. McCubbin,* of Harold T. McCubbin, Chartered, of Norton, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is an action on a note and to foreclose a security interest in a mobile home. The trial court granted the United Northwest Federal Credit Union default judgment. The Arens appeal.

On September 8, 1980, appellants, William H. Arens and Katherine Arens, filed a voluntary petition in bankruptcy seeking relief pursuant to Chapter 7, Title 11, of the U.S. Code. On September 9, 1980, appellee filed a petition for recovery of money advanced to William H. Arens and Katherine Arens pursuant to its open-ended loan agreement to purchase a 1972 Kingwood mobile home. Appellee sought recovery of money and foreclosure of its security interest in the purchase money collateral. The omnibus order and notice of the bankruptcy court was issued on September 10, 1980. A summons was issued in Norton County on September 10, 1980, and served on the appellants by the Norton County Sheriff, Harland Reusink, on September 16, 1980.

No further action was taken in Norton County until after the

bankruptcy petition was dismissed on May 4, 1981, for failure of the debtors to appear. A default judgment against appellants on May 11, 1981, was set aside on September 15, 1981, but reentered on January 4, 1982. Appellants challenge the entry of default judgment in favor of the Credit Union.

Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* (Supp. V 1981), authorizes establishment of priorities of claims and the liquidation of the assets of an insolvent debtor for pro rata payment to creditors. When a petition is filed under a Chapter 7 case, a trustee is appointed by the court and the debtor submits schedules to the trustee listing his debts and assets. The trustee then takes possession of the bankrupt estate, liquidates the assets subject to prior liens, and discharges the debts. See *Matter of Davis*, 691 F.2d 176 (3rd Cir. 1982).

11 U.S.C. § 362(a) (Supp. V 1981), provides for an automatic stay of all proceedings against the debtor once the bankruptcy petition is filed. That statute provides in pertinent part:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title . . . ."

"The purpose of the automatic stay is to preserve what remains of the debtor's insolvent estate and to provide a systematic equitable liquidation procedure for all creditors, secured as well as unsecured, [citation omitted,] thereby preventing a 'chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.' " *Matter of Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982).

The House Report on section 362 offers more insight into the purpose behind the stay:

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

"The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors." Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 1978 U.S. Code Cong. & Ad. News 6296-97.

The automatic stay of section 362(a) is in force from the moment the bankruptcy petition is filed. The fact a creditor has not received notice of the filing is irrelevant. *In re Garcia*, 23 Bankr. 266 (N.D. Ill. 1982). Further, formal service is not required to effectuate the stay. *In re Miller*, 22 Bankr. 479, 481 (D. Md. 1982). The stay terminates automatically when the bankruptcy proceeding is closed or dismissed. 11 U.S.C. § 362(c)(2) (Supp. V 1981).

Appellants argue the district court was without jurisdiction to enter judgment against them because appellee's lawsuit was filed after the bankruptcy petition and thus in violation of the automatic stay. We agree. The import of section 362(a)(1) is that all legal actions pending or to be taken against the debtor are halted. As such, no new lawsuit can be commenced. *In re Joe DeLisi Fruit Co.*, 11 Bankr. 694, 696 (Bankr. D. Minn. 1981). The filing of appellee's foreclosure action on September 9, 1980, was thus in violation of the automatic stay. It is settled that acts done in violation of the stay are "void and without effect." *In re Coleman American Companies, Inc.*, 26 Bankr. 825, 831 (Bankr. D. Kan. 1983).

Since the filing of the foreclosure action against appellants was "void and without effect," there was no action on file when the appellants' bankruptcy petition was eventually dismissed. We note parenthetically this would not be the case had the action been filed before the petition in bankruptcy. In that situation the action would have remained on file because it was not filed in violation of the stay. Only further proceedings pursuant to the action would have been stayed. The instant case, however, arises under different circumstances. Here the trial court was without jurisdiction to enter its order.

The judgment of the trial court is reversed.