Michelle M. **BUTZLOFF, Administrator**
**of the Estate of William M.**
**Butzloff, Appellee,**

v.

**Richard C. QUANDT d/b/a Q & S**
**Mobile Diesel Service, Defendant,**

**Edward Leroy Fox, Appellant.**

**No. 85–1709.**

Supreme Court of Iowa.

Dec. 17, 1986.

Lon R. Tullar, Sac City, for appellant.

Dean T. Jennings of McGinn & McGinn, Council Bluffs, for appellee.

Considered by HARRIS, P.J., and Mc-GIVERIN, LARSON, CARTER, and WOLLE, JJ.

CARTER, Justice.

Defendant, Edward LeRoy Fox (Fox), appeals from an order overruling his motion to set aside a default judgment entered against him in this wrongful death action subsequent to the automatic stay arising from his filing of a federal bankruptcy petition. Plaintiff's wrongful death action is predicated upon injuries allegedly sustained by her decedent as a result of actions of Fox while driving in an intoxicated condition. We conclude that, under the supremacy clause of the federal constitution, U.S. Const. art. VI, cl. 2, the federal statutes involved render the action of the court in entering judgment void and that the court therefore erred in refusing to set it aside.

Significant events leading up to the default judgment, which is the subject of this appeal, are as follows. On May 28, 1985, plaintiff filed a motion for default based upon Fox's failure to comply with a previous order of the court concerning replacement of his counsel and his failure to appear for a scheduled deposition. This motion was set for hearing on June 17, 1985. On June 17, 1985, Fox appeared without counsel at the hearing.

The court's oral statements at this hearing indicate its belief that Fox was in default. The court proceeded to accept evidence of plaintiff's damages. At the conclusion of the hearing, the court stated: "Hearing's adjourned. I will take the matter under advisement." We interpret this statement as an indication that the court was taking under advisement the amount of damages to be awarded in the judgment which would be entered against Fox in the action. Subsequent to the adjournment of the hearing, the court made a calendar entry which recited: "Hearing held on damages and default judgment. Order to be entered."

On July 3, 1985, Fox, now represented by counsel, filed a motion pursuant to 11 U.S.C. section 362(a) for stay of further proceedings in the action. The motion recited that Fox had filed a voluntary petition in bankruptcy on June 21, 1985, three days

after the last hearing in the action, and listed plaintiff as one of his creditors. The motion referred the court to the automatic stay proceedings of the federal bankruptcy law contained in section 362(a). On July 18, 1985, the court filed a written judgment entry awarding plaintiff $509,870.04 in actual damages and $250,000.00 in exemplary damages against Fox.

On August 16, 1985, Fox filed a motion to vacate and set aside the judgment entered July 18 on the ground that it was void as a result of the automatic stay proceedings of the federal bankruptcy law. That motion was denied by the court September 6, 1985, and this appeal followed.

The issue presented on appeal is simply this: Whether the filing of a voluntary petition for bankruptcy by Fox on June 21, 1985, precluded the court from entering judgment against him in this action on July 18, 1985. Appellant asserts that this is axiomatic as a result of the automatic stay provisions of section 362(a) and the supremacy clause of the federal constitution. The relevant portions of the federal statute are as follows:

> The filing of [a voluntary] petition [in bankruptcy] . . . operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case.

11 U.S.C. § 362(a). Actions taken in violation of the automatic stay provisions of the foregoing section are void and without effect. *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir.1985); *In re Smith Corset Shops, Inc.,* 696 F.2d 971, 976 (1st Cir.1982); 2 *Collier on Bankruptcy* ¶ 362.11 (15th ed. 1986).

Plaintiff urges that, because the court concluded that Fox was in default prior to filing the bankruptcy proceeding, the effective date of the judgment should relate back to the time this determination was made. Although we have related the effectiveness of a judgment back to the time of decision in some instances, *see Street v. Stewart,* 226 Iowa 960, 965, 285 N.W. 204, 206 (1939); *Coffey v. Gamble,* 117 Iowa 545, 549, 91 N.W. 813, 814 (1902), we have trouble accepting this proposition in the present case. Even if we assume the determination that Fox was in default was made by the court prior to the filing of his federal bankruptcy petition, this did not mean that the case was over at that point. More remained to be done. Specifically, it remained for the court to consider the evidence and arrive at the amount of damages to be assessed. This, we believe, was judicial action taken in the case subsequent to filing the federal bankruptcy petition.

Other courts which have considered the matter have concluded that all state court judicial proceedings must abate immediately when the bankruptcy petition is filed. *United Northwest Federal Credit Union v. Arens,* 233 Kan. 514, 516, 664 P.2d 811, 813 (1983); *A. Musto Co. v. Pioneer Coop Bank,* 7 Mass.App.Ct. 926, 926–27, 389 N.E.2d 1029, 1031 (1979). The fact that the creditor or the state court has not received notice of the filing is irrelevant, and the state court must rescind actions taken subsequent to the effective date of the automatic stay. *See United Northwest Federal Credit Union,* 233 Kan. at 516, 664 P.2d at 813. We agree that this is the intent of section 362(a).

Plaintiff also asserts that the federal automatic stay provisions need not be applied in the present case because, under 11 U.S.C. section 523(a), a debt or judgment for liability incurred as a result of the debtor's operation of a motor vehicle while legally intoxicated is not dischargeable under the federal bankruptcy law. Plaintiff has provided us with no authority for concluding that debts which may ultimately be nondischargeable under federal law are not subject to the automatic stay provisions of the federal bankruptcy code. Nondischargeable debts affect the ability of the bankruptcy court to coordinate payment

among all creditors in an equitable manner and thus fall within the ambit of the federal legislation until the appropriate federal court has lifted the stay. *See United Northwest Federal Credit Union*, 233 Kan. at 516, 664 P.2d at 813.

The issue is not, as plaintiff suggests, whether or not the district court abused its discretion in refusing to set aside the judgment of July 18, 1985. The filing of the bankruptcy petition on June 21, 1985, is not disputed. As a result, Fox has established as a matter of law that the judgment was void. We hold the district court erred in not granting defendant Fox's motion to set aside the July 18, 1985 judgment entry. The case is remanded for an order which does this and such further proceedings as may be permitted in the action in the event that the stay arising from the federal bankruptcy proceedings is terminated.

REVERSED AND REMANDED.