DAVID TOWNSEND, Plaintiff-Appellee, v. MAGIC GRAPHICS, INC., Defendant-Appellant.

Second District   No. 2—87—0872

Opinion filed May 4, 1988.

74

Enid L. Kempe, of Berwyn, for appellant.

Michael J. Ventrelle, of Schiller Park, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Magic Graphics, Inc., appeals the denial of its motion to vacate a default judgment entered in favor of plaintiff, David Townsend. On appeal, defendant argues the notice of the hearing on the plaintiff's motion for default judgment violated circuit court rules, and the default judgment should have been vacated as a nullity because it was entered subsequent to the filing of defendant's petition in bankruptcy. We agree with the defendant's second claim and, therefore, reverse.

Plaintiff was employed by defendant from September 1985 to August 1986 as a salesman. On September 9, 1986, plaintiff filed a two-

count complaint seeking $5,939 for services performed and $5,000 for a camera that plaintiff had purchased and delivered to defendant but had not been compensated for. On October 14, an appearance was entered by defense counsel. On December 3, plaintiff filed a motion for default judgment. Two weeks later, defendant filed a motion to strike the complaint. The same day an order was entered denying the motion for default judgment and the motion to strike, and ordering plaintiff to file a bill of particulars. On January 5, 1987, the bill of particulars was filed. On February 25, plaintiff filed a second motion for default judgment. On the same day, defendant filed a motion to dismiss the complaint. On March 4, the court denied both motions and ordered defendant to file an answer by March 25.

On April 1, defendant filed a petition in bankruptcy in the Federal District Court for Northern Illinois. On April 3, plaintiff's third motion for default judgment was filed. Four days later, a hearing on the motion for default judgment was held. Neither defendant nor defense counsel was present. The court entered an order of default against defendant for failure to plead.

Defendant filed a timely motion to vacate the default judgment. The first provision of the motion stated: "On April 1, 1987, the Defendant filed a Petition to Relief Under Chapter 11 of the United States Bankruptcy Code, known as Case No. 87B04887 in the Northern District of Illinois; and an automatic stay became in force pursuant to 11 USC 362." The defendant's remaining allegations were directed toward the insufficiency of the notice of the hearing. Defendant requested the court to vacate the order of default, to note the bankruptcy for the record, and to continue the cause or place it on the bankruptcy calendar. Plaintiff filed objections to the defendant's motion. The court ordered the motion to vacate continued, noted the bankruptcy proceeding for the record, and stayed any supplementary proceedings.

On June 30, plaintiff motioned to advance the hearing date on the motion to vacate. Plaintiff alleged he had filed a motion in Federal court requesting a modification of the automatic stay, and on June 12, the bankruptcy court had entered an order modifying the stay for purposes of having the trial court rule on the motion to vacate. The pleadings filed by plaintiff in the bankruptcy court, the transcript of the hearing in bankruptcy court, and the order modifying the stay entered by the bankruptcy court are not included in the record on appeal. After a hearing, in which defendant limited its argument to the notice question, the court denied the motion to vacate the default judgment. This appeal followed.

■ Before proceeding to discuss the dispositive issue raised on appeal, we first must rule on plaintiff's motion to strike defendant's statement of facts which was ordered taken with the case. Plaintiff alleges the statement of facts contained in defendant's brief is argumentative and inaccurate in violation of Supreme Court Rule 341(e)(6) (107 Ill. 2d R. 341(e)(6)). Our review of the 2½-page statement of facts submitted by defendant reveals that plaintiff's contentions are to some extent well taken. We decline, however, to strike the statement of facts because the violations are of a minor nature and do not hinder our review. (See *James v. Yasunaga* (1987), 157 Ill. App. 3d 450, 452.) The inappropriate statements contained in defendant's statement of facts will be disregarded.

■ Section 362(a) of the Bankruptcy Code provides in relevant part:

"[A] petition filed [in bankruptcy] *** operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." (11 U.S.C. §362(a)(1) (1988).)

The automatic stay set forth in section 362(a) takes effect the moment the petition in bankruptcy is filed. (*In re Sierra* (Bankr. D.P.R. 1987), 73 Bankr. 322, 323; *United Northwest Federal Credit Union v. Arens* (1983), 233 Kan. 514, 516, 664 P.2d 811, 813.) It has therefore been recognized that State court proceedings must abate immediately upon the filing of the bankruptcy petition. (*Butzloff v. Quandt* (Iowa 1986), 397 N.W.2d 159, 160.) Absence of notice to the opposing party or State court is irrelevant. (*In re Stucka* (Bankr. C.D. Cal. 1987), 77 Bankr. 777, 781; *Quandt*, 397 N.W.2d at 160; *Arens*, 233 Kan. at 516, 664 P.2d at 813.) Default judgments entered in violation of the automatic stay are void and without effect. *Quandt*, 397 N.W.2d at 160; see *Kalb v. Feuerstein* (1940), 308 U.S. 433, 440, 84 L. Ed. 370, 375, 60 S. Ct. 343, 347; *In re Sambo's Restaurants, Inc.* (9th Cir. 1985), 754 F.2d 811, 816.

Here, it is not disputed that on April 1, 1987, six days prior to the entry of the default judgment, defendant filed a petition in bankruptcy. At that moment, the State court proceedings were automatically halted pursuant to section 362 of the Bankruptcy Code. Although plaintiff and the court were not apprised of this fact until

after entry of the order of default, the defendant's failure to notify either plaintiff or the court was irrelevant. The mere filing of the bankruptcy petition precluded the trial court from proceeding any further on the matter. Therefore, the default judgment entered by the trial court after the initiation of bankruptcy proceedings was void and should have been vacated.

■ Plaintiff contends the bankruptcy court's modification of the stay to allow the State trial court to rule on the motion to vacate indicated that the bankruptcy court did not believe the default judgment was void. Plaintiff theorizes that the bankruptcy court would not have granted a modification of the stay for the sole purpose of allowing the State court to vacate a void judgment. We find this contention unpersuasive. First, as noted, the proceedings in the bankruptcy court relative to plaintiff's request for a modification of the stay are not included in the record on appeal. Consequently there is no factual basis to support plaintiff's assertions *vis-a-vis* the rationale of the bankruptcy court. Second, plaintiff's allegations concerning the modification of the stay obtained from the bankruptcy court contained in his motion to advance hearing on the motion to vacate equally support the conclusion that the bankruptcy court was simply deferring to the State court to enter a ruling on a motion in a pending State court case. We are not persuaded the modification of the stay by the bankruptcy court as presented in plaintiff's motion foreshadowed a ruling contrary to the one we reach today.

■ Plaintiff also argues defendant waived its argument challenging the validity of the default judgment. This contention is without merit because a void judgment may be challenged and vacated at any time. *Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 361.

Having determined that the default judgment was void when entered, we need not comment on the notice argument advanced by defendant. We remand the cause to the trial court with directions to vacate the default judgment and to stay further proceedings consistent with the pertinent provisions of the Bankruptcy Code.

Reversed and remanded.

WOODWARD and INGLIS, JJ., concur.