569 So.2d 303 (1990)
Monty Lynn OVERBEY
v.
Alexander H. MURRAY.
No. 07-CA-59083.
Supreme Court of Mississippi.
October 17, 1990.
*304 Claire Mavar Porter, Upshaw Williams Biggers Page & Kruger, Jackson, for appellant.
Gail D. Nicholson, Chester D. Nicholson, Nicholson & Nicholson, Gulfport, for appellee.
Before HAWKINS, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:
Alexander Murray filed suit against Monty Overbey, alleging breach of contract. A default judgment was granted in favor of Murray, along with damages. Fifteen months later, Overbey moved to set aside the default judgment under Miss.R. Civ.P. 60(b). The motion to set aside was denied. Overbey appeals, assigning as error the lower court's granting of the default judgment, and the failure of the lower court to set aside the judgment. Because the chancery court erred in failing to set aside the default judgment, we reverse.
Murray filed his complaint against Overbey in Harrison County Chancery Court, First Judicial District, on February 4, 1986. Murray alleged that he and Overbey had entered into an oral agreement, whereby Murray would solicit insurance policies to be issued by Continental Bankers Life Insurance Company of the South, and would receive in return a portion of commissions and renewals. Overbey, as general agent, would also receive a portion of the commissions. Murray alleged breach of the contract and asked for an accounting and damages. Overbey answered, admitting the oral contract, but denying any liability. On May 15, 1986, Murray filed a motion to compel, alleging that Overbey, even with an agreed-upon extension of fifteen days, had failed to timely comply with discovery. The chancery court ordered that Overbey comply with discovery, and also awarded Murray $150.00 for the expenses of the motion.
On August 27, 1986, the cause was set for trial on October 6, 1986. On October 3, 1986, Overbey received an automatic stay in bankruptcy in the U.S. Bankruptcy Court for the Southern District of Mississippi, pursuant to 11 U.S.C. § 362(a). Trial counsel for Overbey attempted to notify counsel for Murray of the stay, via a letter postmarked October 6, 1986. Because neither Overbey nor his attorney were present for trial on October 6, a default judgment for $4,830.59 plus costs was entered by the chancery court in favor of Murray.
On October 13, 1986, Murray moved for sanctions against Overbey's attorney, alleging that counsel had been dilatory and uncooperative throughout the litigation, and asking for attorney's fees in the amount of $780.00. The chancery court eventually awarded $350.00.
On October 28, 1987, Murray was granted summary judgment by the U.S. Bankruptcy Court against Overbey. No bankruptcy court document is available to show what debt was involved in this summary judgment ruling, although a letter from Chester Nicholson to Overbey's attorney, dated November 23, 1987, mentioned that the summary judgment proceeding resulted in a finding that the judgment taken by Murray against Overbey was not dischargeable in bankruptcy. The letter also mentioned that Nicholson intended to conduct a judgment debtor examination of Overbey, and proposed methods and dates to accomplish this. On December 2, 1987, a deposition was set for December 6. Apparently Overbey refused to appear. On December 11, 1987, Murray moved to compel discovery and for sanctions against Overbey. Murray also asked for the court to order Overbey to appear, and for an award of $510.00 in attorney's fees.
*305 On January 26, 1988, Overbey, represented by new counsel, filed a motion to set aside the default judgment under Miss.R. Civ.P. 60(b). The motion was denied by the chancery court. Overbey appeals from the denial of this motion and from the merits of the default judgment.
Miss.R.Civ.P. 60(b) states:
(b) Mistakes; Inadvertence; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
(1) fraud, misrepresentation, or other misconduct of an adverse party;
(2) accident or mistake;
(3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
(6) any other reason justifying relief from the judgment.
The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken. A motion under this subdivision does not affect the finality of a judgment or suspend its operation. Leave to make the motion need not be obtained from the appellate court unless the record has been transmitted to the appellate court and the action remains pending therein. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram nobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action and not otherwise.
This Court has often looked to federal authority when construing similar rules of state civil procedure. According to federal authority, "[a]n order denying a motion under Rule 60(b) is final and appealable. Even if the motion is denied as untimely this would be a ground for affirming the denial but not for dismissing the appeal. But an appeal from a denial of the motion brings up for review only the order of denial itself and not the underlying judgment." 11 C. Wright & A. Miller, Federal Practice and Procedure § 2871 at 258-259 (1973); see also 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.30[3] 2d ed. 1987 (same); Godwin v. Federal Savings and Loan Insurance Corp., 806 F.2d 1290 (5th Cir.1987) (60(b) motion can not be used in place of appeal from merits of district court's dismissal). Two errors alleged by Overbey involve the default judgment taken against him. Because Overbey never appealed from that judgment, those issues are not properly before this Court and will not be considered. The only issue we consider is whether the denial of the Rule 60(b) motion was proper.
Overbey alleged first in his motion to set aside the default judgment that the default judgment had been entered as a result of a mistake. As stated earlier, the trial court "may relieve a party or his legal representative from a final judgment, order, or proceeding for ... accident or mistake... ." Miss.R.Civ.P. 60(b)(2). Rule 60(b) goes on to state that "[t]he motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment, order, or proceeding was entered or taken." This Court has stated that "[w]here the grounds of [Rule 60(b)(1), (2) and (3)] are the basis for action, the court is without authority if the motion is not made within the six-month time period." Burkett v. Burkett, 537 So.2d 443, 445 (Miss. 1989); see also Central Operating Co. v. Utility Workers of America, 491 F.2d 245 (4th Cir.1974) (one year time limit for analogous federal rule is *306 not absolute allowance; motion may be rejected as not filed within reasonable time under circumstances even if filed less than one year from judgment). The grant or denial of a Rule 60(b) motion is within the trial court's discretion. Burkett, 537 So.2d at 445. The trial court did not abuse its discretion in denying the 60(b)(2) motion, filed nine months after the six-month period had expired.
Overbey included in his motion to set aside default judgment the assertion that the default judgment taken on October 6, 1986, was void because of the bankruptcy stay issued three days earlier. There is no six-month time limit on a 60(b)(4) motion. The only limitation is that the motion be made "within a reasonable time... ." Miss.R.Civ.P. 60. Federal authority has interpreted this to mean that there is no effective time limit, with the rationale being that no amount of time or delay may cure a void judgment. 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.25[4] 2d ed. 1987; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2862 (1973); In re Whitney-Forbes, Inc., 770 F.2d 692 (7th Cir.1985); Triad Energy Corp. v. McNell, 110 F.R.D. 382 (S.D.N.Y. 1986).
In defining a void judgment, this Court has repeated the federal rule, which states that "a judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Bryant, Inc. v. Walters, 493 So.2d 933, 938 (Miss. 1986). The trial court has no discretion in dealing with a void judgment. If the judgment is void, it must be set aside. Walters, 493 So.2d at 937.
11 U.S.C. § 362 states in part:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78(a)(3)), operates as a stay, applicable to all entities, of
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....
The purpose of the automatic stay is as follows:
First, it prevents the diminution or dissipation of the
assets of the debtor estate during the pendency of the bankruptcy case. Second, it enables the debtor to avoid the multiplicity of claims against the debtor estate arising in different forums. It is intended to prevent a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts.
In re Towner Petroleum Co., 48 B.R. 182, 185 (Bankr.W.D.Okla. 1985) (citations omitted).
The stay is effective from the date of the filing of the bankruptcy petition regardless of whether notice was given to the creditor. United Northwest Federal Credit Union v. Arens, 233 Kan. 514, 664 P.2d 811 (1983); Scrima v. John Devries Agency, 103 B.R. 128 (W.D.Mich. 1989); O'Connor v. Methodist Hospital of Jonesboro, 42 B.R. 390 (Bankr.E.D.Ark. 1984). The creditor shares responsibility for preventing actions which may be violative of the stay, and those responsible for a willful violation of the stay may be liable for actual and punitive damages, costs and attorney fees. 11 U.S.C. § 362(h).
The general rule is that any action taken in violation of the bankruptcy stay, such as the granting of a default judgment, is void. In Butzloff v. Quandt, 397 N.W.2d 159 (Iowa 1986), the defendant Fox had failed to substitute counsel as ordered and had failed to appear at a deposition. At a later hearing, the trial court apparently found Fox in default and proceeded to hear evidence on damages. At the end of the hearing, the trial court took the matter under advisement. Subsequent to this, *307 Fox filed a voluntary petition in bankruptcy, receiving an automatic stay. Despite notice to the trial court, it proceeded to enter judgment against Fox, awarding actual and punitive damages. Fox filed a motion to set aside the judgment as void, which was denied. Relying on 11 U.S.C. § 362(a), the Iowa Supreme Court found that the default judgment, having been taken in violation of the automatic stay provisions, was void and without effect. Butzloff, 397 N.W.2d at 160; see also Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940) (decided under predecessor statute to 11 U.S.C. § 362(a)); Townsend v. Magic Graphics, 169 Ill. App.3d 73, 119 Ill. Dec. 740, 523 N.E.2d 208 (1988) (default judgment void); Personalized Air Conditioning v. C.M. Systems, 522 So.2d 465 (Fla. Dist. Ct. App. 1988) (dismissal of action after petition filed void); Irving Levitt Co. v. Sudbury Management, 19 Mass. App. 12, 471 N.E.2d 387 (1984) (special judgment void).
We find that the default judgment in this case, rendered in violation of the automatic stay, is void. This Court is aware of authority which recognizes that actions taken in violation of the automatic stay are generally void, but may be upheld in view of equitable principles. In re Smith Corset Shops, 696 F.2d 971 (1st Cir.1982); Matthews v. Rosene, 739 F.2d 249 (7th Cir.1984); In re Calder, 907 F.2d 953 (10th Cir.1990). This equitable exception is a narrow one and should only be applied in extreme circumstances, where compelling considerations outweigh the need for an orderly administration of the bankruptcy estate. In re Smith, 876 F.2d 524 (6th Cir.1989); In re Shamblin, 890 F.2d 123 (9th Cir.1989); In re Cinematronics, Inc., 111 B.R. 892 (Bankr.S.D.Cal. 1990). This narrow exception is not applicable here, though some of the equities in this case point toward letting the judgment against Overbey stand. We do not imply, by our holding that the equitable exception will never be applied, to uphold an otherwise void judgment.
Murray claims that because Overbey's debt was not dischargeable in bankruptcy, any action taken in violation of the stay is irrelevant, or res judicata. One case decided prior to the present bankruptcy code, In re Vaughn, 462 F. Supp. 1052, 1055 (N.D.Tex. 1978), stated that "non-provable debts and non-dischargeable debts under [Bankruptcy Rule 401(a) (predecessor to 11 U.S.C. 362)] are not stayed." The better rule is found in Butzloff v. Quandt, 397 N.W.2d 159, 160 (Iowa 1986), where the Iowa Supreme Court stated:
Plaintiff also asserts that the federal automatic stay provisions need not be applied in the present case because, under 11 U.S.C. section 523(a), a debt or judgment for liability incurred as a result of the debtor's operation of a motor vehicle while legally intoxicated is not dischargeable under the federal bankruptcy law. Plaintiff has provided us with no authority for concluding that debts which may ultimately be nondischargeable under federal law are not subject to the automatic stay provisions of the federal bankruptcy code. Nondischargeable debts affect the ability of the bankruptcy court to coordinate payment among all creditors in an equitable manner and thus fall within the ambit of the federal legislation until the appropriate federal court has lifted the stay.
Butzloff, 397 N.W.2d at 160-161; see also Amonte v. Amonte, 17 Mass. App. 621, 461 N.E.2d 826 (Ct.App. 1984) (same).
Despite our decision in this case, we find that the courts of this state have jurisdiction to determine whether a pending action is stayed by a ruling of the bankruptcy court. In addition, the following suggestions are offered for future occasions where pending state court litigation might be affected by the filing of a bankruptcy petition:
(1) the debtor should file a suggestion of bankruptcy and a certified copy of the bankruptcy petition with the clerk of the state court in which litigation is pending;
(2) the state court should stay all actions until it is shown that the litigation is no longer stayed by 11 U.S.C. § 362 or that the stay has been lifted by the bankruptcy court;

*308 (3) the state court should consider deferring close questions involving the applicability of exceptions to the automatic stay under 11 U.S.C. § 362(b) to the bankruptcy court.
The judgment of the chancery court is reversed and remanded. However, on remand, the trial court may determine the status of the bankruptcy proceedings and act accordingly.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.