(19 P.3d 794)
No. 83,928

ALVIN BECKER and DEBI BECKER, Husband and Wife, *Plaintiffs/Appellants*, v. RALPH BECKER, *Defendant*, and OLD REPUBLIC INSURANCE COMPANY, *Garnishee/Appellee*, and UNION INSURANCE COMPANY, *Proposed Intervenor/Appellant*.

 Opinion
filed February 23, 2001. 

*Guy R. Steier*, of Frasier & Steier, of Beloit, and *Darcy D. Williamson*, of Topeka, for appellants.

*J. Franklin Hummer*, of Davis, Unrein, Hummer, McAllister, Biggs & Head, L.L.P., of Topeka, for appellee.

Before GREEN, P.J., GERNON, J., and PHILIP C. VIEUX, District Judge, assigned.

GERNON, J.: This appeal concerns a summary judgment ruling in favor of Old Republic Insurance Co. (Old Republic), a question as to the effect of failure of the plaintiffs to obtain relief from an automatic stay in the bankruptcy of one of the defendants, and whether Union Insurance Company (Union) should have been allowed to intervene. Alvin and Debi Becker are the appellants.

The facts are complex but will be condensed as much as possible.

Alvin and Debi Becker owned Becker's Body Shop. Union was their insurer. Ralph Becker is Alvin's father. Ralph was insured by Old Republic.

Ralph was doing some work on his truck behind the body shop with a welder and started a fire. The body shop was destroyed in the fire.

Union paid Alvin and Debi a portion of the damages and filed a subrogation claim for the amount of that payment with Old Republic. Old Republic notified Alvin, Debi, and Union that Ralph's automobile policy did not cover the damage to the body shop. Alvin and Debi then filed suit against Ralph, and Ralph filed a Chapter 7 bankruptcy petition.

Alvin and Debi received notice of the bankruptcy petition but failed to file a claim or hire an attorney to represent them in the bankruptcy action. Alvin and Debi did not enter an appearance in the bankruptcy action, did not file any documents in their names in the action, and did not have an attorney do so on their behalf. Union applied for and obtained an order for relief from the automatic stay provisions of 11 U.S.C. § 362 (1988) to proceed with its subrogation claim against Ralph and his insurer. Alvin and Debi

did not file a motion for relief from the automatic stay with the bankruptcy court.

Ralph's bankruptcy discharge hearing took place on April 15, 1988, still with no appearance or request for a stay by Alvin and Debi. Two weeks after the discharge hearing, Alvin and Debi filed a default motion in the district court case.

A default judgment in the amount of $171,918.95 plus interest was entered against Ralph in the district court case on May 13, 1988, which included Union's subrogation claim of $90,132.50. At the hearing on the default judgment, Alvin and Debi advised the court of the status of the bankruptcy and that personal recovery was not being sought against Ralph but rather against Old Republic. Ralph was granted final discharge from the bankruptcy court on May 16, 1988.

A garnishment request was filed against Old Republic. Old Republic moved for summary judgment, arguing that the judgment was void because it violated the automatic stay provisions of the United States bankruptcy code, 11 U.S.C. § 362. Alvin and Debi filed a motion for summary judgment, which was denied. They then filed a motion to alter or amend. Union then sought to intervene.

All of the above events took place between October 5, 1985, the date of the fire, and August 1990.

Six years later, on June 28, 1996, the district court denied Alvin and Debi's and Union's motions. The court again found the underlying judgment was void because Alvin and Debi had not filed for relief from the automatic stay. In denying Union's motion to intervene, the court found the statute of limitations had expired for any claims Union may have raised.

Alvin and Debi and Union appealed the decision to this court, and this court dismissed the appeal because the record did not reflect an order granting summary judgment to Old Republic. *Becker v. Becker*, case No. 77,171, unpublished opinion filed July 17, 1998.

The district court, in August 1999, filed a journal entry granting Old Republic's motion for summary judgment.

Alvin and Debi then filed for bankruptcy. The bankruptcy trustee and Union jointly appeal the trial court's rulings adverse to their respective interests.

## Default Judgment/Automatic Stay

The automatic stay provisions of 11 U.S.C. § 362 provided, in relevant part:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee[a][3]), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

. . . .

"(c) Except as provided in subsections (d), (e), and (f) of this section—

. . .

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied."

Alvin and Debi first argue that they were not required to obtain relief from the automatic stay in bankruptcy court in order to proceed with their motion for default judgment against Ralph in state court, and that the trial court erred in finding the May 1988 default judgment against Ralph void based on *United Northwest Fed'l Credit Union v. Arens,* 233 Kan. 514, 664 P.2d 811 (1983).

In *United Northwest,* the Arens filed a Chapter 7 petition in bankruptcy on September 8, 1980, and the credit union filed a petition for recovery of money advanced pursuant to its open-ended loan agreement to purchase a mobile home the next day, September 9, 1980. The credit union received notice of the bank-

ruptcy September 10, and the bankruptcy petition was subsequently dismissed on May 4, 1981, for failure of the debtors to appear. A default judgment was entered in favor of the credit union on May 11, set aside on May 15, and reinstated on January 4, 1982. The Arens challenged the entry of default judgment entered in favor of the credit union as violating the automatic stay provision of § 362(a). On appeal, the Kansas Supreme Court held:

"The import of section 362(a)(1) is that all legal actions pending or to be taken against the debtor are halted. As such, no new lawsuit can be commenced. [Citation omitted.] The filing of appellee's foreclosure action on September 9, 1980, was thus in violation of the automatic stay. It is settled that acts done in violation of the stay are 'void and without effect.' [Citation omitted.]" 233 Kan. at 516.

Thus, the court held the filing of the foreclosure action was void, and the trial court was without jurisdiction to enter a default judgment. 233 Kan. at 516.

Cases cited by Alvin and Debi do not hold that a plaintiff does not have to get relief from the automatic stay in order to proceed against a debtor and his or her insurance company before a discharge. Here, the § 362(a) automatic stay was still in effect when the default judgment was entered against Ralph on May 13, 1988, as the discharge was not filed until May 16, 1988. In order to proceed with their suit before the bankruptcy case was closed, dismissed, or the debtor discharged, Alvin and Debi were required to request relief from the stay under 11 U.S.C. § 362(d). 11 U.S.C. § 362(b) lists those situations when the automatic stay does not apply, and none of those exceptions allows a creditor to proceed against a debtor for the purpose of establishing secondary liability against a debtor's insurer. Alvin and Debi's claim does not fall under any of these exceptions.

Alvin and Debi were required to seek relief from the automatic stay before proceeding with the default judgment against Ralph. They never requested such relief or filed an appearance in the bankruptcy action. The cases relied upon by Alvin and Debi are not controlling of this issue because the judgment was entered before the discharge. This argument fails.

Alvin and Debi next argue that even if this court concludes the pending action was subject to the automatic stay provisions of the

bankruptcy, they were entitled to proceed with the action in their name because Union properly obtained relief from the stay. Alvin and Debi provide no authority which holds that if a creditor's insurer, who is not a party to the creditor's lawsuit, has a subrogation claim and obtains relief from the automatic stay, the creditor does not have to obtain the same relief in his or her own name. Rather, Alvin and Debi raise the issue of "party in interest" and "real party in interest" to argue that Union properly obtained relief as a "party in interest," which should have enabled the state litigation to continue. Alvin and Debi contend that to have required them to obtain additional relief from the bankruptcy court in their name would have been a formality. However, this argument appears to support the trial court's finding that the default judgment entered on May 13, 1988, was void.

11 U.S.C. § 362(d) provides, in relevant part: "On request of *a party in interest* and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay. . . ." (Emphasis added.) K.S.A. 60-217(a) provides, in relevant part: "Every action shall be prosecuted in the name of the real party in interest." A distinction exists between these two phrases, as a "real party in interest" is the proper party to bring the lawsuit. This court defined a "real party in interest" in *Thompson v. James,* 3 Kan. App. 2d 499, 502, 597 P.2d 259, *rev. denied* 226 Kan. 793 (1979):

"The real party in interest is the person who possesses the right sought to be enforced, and is not necessarily the person who ultimately benefits from the recovery. [Citation omitted.] The real party in interest requirement has as one of its main purposes 'the protection of the defendant from being repeatedly harassed by a multiplicity of suits from the same cause of action so that if a judgment be obtained it is a full, final and conclusive adjudication of the rights in controversy that may be pleaded in bar to any further suit instituted by any other party.' [Citation omitted.]"

This court also cited *Thompson's* discussion of a "real party in interest" in a more recent case, *Fidelity & Deposit Co. of Maryland v. Shawnee State Bank,* 13 Kan. App. 2d 182, 184-85, 766 P.2d 191 (1988), *rev. denied* 244 Kan. 737 (1989):

" 'When a loss is covered but partially by insurance, the insured is the proper party under this statute to bring suit for the entire loss. The insured will then hold in trust for the insurer such part of the recovery as the insurer has paid. [Citations omitted.]

" 'When such loss is fully covered and paid the rule is otherwise, provided the policy of insurance contains a subrogation clause whereby the insurer succeeds to rights of the insured.

" 'When a loss is fully paid by an insurer and the insurer becomes subrogated to all rights of the insured, the right of action against the wrongdoer vests wholly in the insurer. In such case the insurer becomes the real party in interest and must undertake the maintenance of the action for reimbursement. [Citations omitted.]'

"In the partial payment situation, both the insurer and the insured are considered to be real parties in interest. However, the insured is the proper party to bring the action because he suffered the entire loss in the first instance, while the insurer could not establish a claim beyond the amount for which it was liable under the policy."

Also necessary to this analysis is the text of the bankruptcy court order granting Union the right to proceed with that claim:

"For good cause shown, Union Insurance Company should be, and is hereby granted Relief from the Automatic Stay in order to proceed with a subrogation claim against Debtor, in rem, and his insuror and that case which is currently pending in [Osborne] County District Court Case 87-C-57, or to take such other and further action as may be necessary for Union Insurance Company to enforce its rights under applicable Insurance and Contract law."

Clearly in this case, Union was a party in interest because it had a valid subrogation claim against Ralph for the claim it had paid to its insureds, Alvin and Debi. The bankruptcy court was within its power to grant the order of relief to Union. However, the order specifically grants Union the right to proceed with its subrogation claim in Alvin and Debi's negligence lawsuit against Ralph. It is uncontroverted that Union's subrogation claim was only for $90,132.50, and Alvin and Debi sought and obtained a default judgment for $171,918.95. Alvin and Debi were clearly seeking more than the claims paid by Union. Under *Fidelity* and *Thompson*, this was a partial payment situation, and both parties were a "real party in interest." However, Alvin and Debi were the proper party to bring the action because they suffered the entire $171,918.95 loss initially, and Union could not establish a claim

beyond the $90,132.50 subrogation claim amount. Union would only be entitled to bring the action if Alvin and Debi refused to allow their names to be used, which is clearly not the case in this situation.

## Intervention

The trial court denied Union's motion to intervene.

Our standard of review on a denial of a motion to intervene is abuse of discretion. *Herrmann v. Board of Butler County Comm'rs,* 246 Kan. 152, 155, 785 P.2d 1003 (1990). "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only when no reasonable person would take the view adopted by the trial court." *State v. Davidson,* 264 Kan. 44, 56, 954 P.2d 702 (1998).

Union argues that the action was properly commenced in the names of Alvin and Debi, as this was a partial loss situation and Union had no reason to seek formal intervention until the district court set aside the May 13, 1988, judgment as void in July 1990. Thus, Union argues it should have been allowed to intervene under K.S.A. 60-224(a).

K.S.A. 60-224(a) provides:

"Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter substantially impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

The Kansas Supreme Court has interpreted this section of the statute to require the occurrence of three factors: "(1) timely application; (2) substantial interest in the subject matter; and (3) inadequate representation of the applicant-intervenor's interest." *Herrmann,* 246 Kan. at 155.

The trial court denied the motion because the statute of limitations had run on Union's claim. The record reveals the trial court could have denied the motion based on its untimeliness. Union could have intervened in 1988 when it became clear the judgment

was being challenged; however, it chose to wait 2 years when the judgment was set aside as void. At that point, it was clear that Union and Alvin and Debi had differing interests, but Union could have avoided this situation by intervening in the suit in 1988. Union essentially wanted to relitigate the default judgment by becoming a named party and arguing the subrogation portion of the judgment was proper. Thus, an alternative basis existed for denying the motion.

We find no reversible error in the trial court's ruling on the motion to intervene.

## Summary Judgment Ruling

Alvin and Debi argue that their motion for summary judgment should have been granted. They argue about several defenses that Old Republic had raised in its response which were never ruled on by the trial court.

However, the trial court granted summary judgment in favor of Old Republic for the sole reason that there is no valid underlying judgment to support the garnishment. As the judgment was void, Alvin and Debi had no valid judgment upon which to base a garnishment against Old Republic. The trial court properly entered summary judgment in favor of Old Republic, and this court need not consider Alvin and Debi's arguments in support of their motion for summary judgment because they are moot.

Affirmed.