No. 109,694

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

GWENDOLYN LEHMAN,
*Appellant*,

v.

THE CITY OF TOPEKA, KANSAS,
*Appellee*.

SYLLABUS BY THE COURT

1.

A motion to dismiss for failure to state a claim under K.S.A. 2013 Supp. 60-212(b)(6) is treated like a motion for summary judgment under K.S.A. 2013 Supp. 60-212(d) if matters outside the pleadings are presented to and not excluded by the court.

2.

The standard of review relating to summary judgment is discussed and applied.

3.

When a suit is timely commenced and then dismissed for some reason unrelated to its merit, K.S.A. 60-518 provides that the suit may be refiled within 6 months of the date of dismissal even though the statute of limitations has otherwise expired.

4.

As a general rule, issues not raised before the lower court cannot be raised for the first time on appeal.

1

5.

The automatic stay provision found in the federal bankruptcy statutes at 11 U.S.C. § 362(a)(1) (2012) does not extend to third-party defendants or a debtor's solvent codefendants in state court.

Appeal from Shawnee District Court; REBECCA W. CROTTY, judge. Opinion filed April 4, 2014. Affirmed.

*Lawrence W. Williamson, Jr.*, of Williamson Law Firm, LLC, of Kansas City, Missouri, for appellant.

*Shelly Starr*, chief of litigation, City of Topeka, for appellee.

Before HILL, P.J., STANDRIDGE, J., and LARSON, S.J.

STANDRIDGE, J.: Gwendolyn Lehman appeals the district court's decision to dismiss her negligence action against the City of Topeka (the City), arguing the court erred in applying the Kansas saving statute, K.S.A. 60-518, in a manner that failed to save her action filed outside the applicable statute of limitations. Lehman contends the statute of limitations was tolled because (1) she never received notice of the dismissal of the previous case and (2) the automatic stay that was entered in the previous case due to the bankruptcy of one the codefendants operated as a stay of the entire case.

FACTS

The City commenced a project to widen a section of Gage Boulevard between Southwest 10th Avenue and Southwest 12th Street. Lehman owns a home located on this section of Gage Boulevard. During the project, a deep hole was drilled adjacent to Lehman's home.

On August 16, 2010, Lehman filed case No. 10-C-1150 in Shawnee County District Court, naming the City, ONEOK, Inc. (d/b/a Kansas Gas Service), and Miller Paving and Construction (Miller) as defendants. Lehman claimed that the hole drilled adjacent to her home weakened the supporting structure of her home and caused flooding and foundation issues.

On April 28, 2011, Miller filed a petition for Chapter 11 bankruptcy with the United States Bankruptcy Court. Miller's bankruptcy petition apparently created an automatic stay of proceedings as to Miller in case No. 10-C-1150. The district court scheduled a pretrial conference for August 5, 2011. The City was the only party to appear at the conference; as a result, the district court dismissed the case for lack of prosecution.

On May 16, 2012, Lehman filed case No. 12-C-555 in Shawnee County District Court. In the petition, Lehman alleged the same facts as in case No. 10-C-1150, but only named the City as a defendant. The City answered by filing a motion to dismiss for failure to state a claim based on the expiration of the 6-month saving period provided in K.S.A. 60-518. In response, Lehman argued that the stay in case No. 10-C-1150 created by Miller's bankruptcy had stayed the entire case and, therefore, had extended the time period for Lehman to file a new case.

The district court granted the City's motion to dismiss, ruling that (1) Lehman had failed to file case No. 12-C-555 within 6 months of the dismissal of case No. 10-C-1150, as required by K.S.A. 60-518 and (2) the automatic stay created by Miller's bankruptcy only applied to Miller, not the other codefendants.

ANALYSIS

On appeal, Lehman argues the district court erred in granting the City's motion to dismiss. Specifically, she contends the court erred in applying K.S.A. 60-518 in a manner

3

that failed to save her action filed outside the applicable statute of limitations. Lehman contends the statute of limitations was tolled because (1) she never received notice of the dismissal of case No. 10-C-1150 and (2) the automatic stay that was entered in case No. 10-C-1150 resulting from Miller's bankruptcy operated as a stay of the entire case. Each of these arguments is addressed in turn.

*Standard of Review*

Initially, the City claims that we should review this case under a summary judgment standard of review, rather than the standard of review applicable to motions to dismiss, because the district court considered matters outside the pleadings in making its ruling. The City acknowledges that this issue was not raised or considered below, but mentions it now only to establish the proper standard of review.

Under K.S.A. 2013 Supp. 60-212(d), a motion to dismiss for failure to state a claim under K.S.A. 2013 Supp. 60-212(b)(6) is treated like a motion for summary judgment if matters outside the pleadings are presented to and not excluded by the court. In this case, the parties attached several documents to their motions in support of and in opposition to the City's motion to dismiss, including documents related to Miller's bankruptcy. In addition, the City asked the district court to take judicial notice of case No. 10-C-1150. It is evident from the district court's memorandum decision and order dismissing the case that the court did consider matters outside of the pleadings in making its ruling, effectively converting the City's motion to dismiss to one for summary judgment. Thus, this court must determine if the district court's decision can be affirmed under the standards governing summary judgments. See *Davidson v. Denning*, 259 Kan. 659, 667, 914 P.2d 936 (1996) (even though district court's decision did not expressly state it considered defendants' motion to dismiss as summary judgment motion, Court of Appeals properly treated it as such because "the court clearly considered matters beyond the face of the petition in granting the motion"); see also *Admire Bank & Trust v. City of*

4

*Emporia*, 250 Kan. 688, 692, 829 P.2d 578 (1992) (holding district court erred in not treating motion to dismiss for failure to state claim as motion for summary judgment because court clearly considered matters outside the pleadings, but concluding decision could be upheld on appeal as right for wrong reason if court's granting of motion to dismiss for failure to state a claim "withstands application of summary judgment standards").

Accordingly, the well-known standard of review governing summary judgment applies. This standard provides that summary judgment is appropriate only where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 962, 298 P.3d 250 (2013). Because the parties agree there is no factual dispute, our review of the district court's order is de novo. See *David v. Hett*, 293 Kan. 679, 682, 270 P.3d 1102 (2011). Additionally, to the extent that resolution of Lehman's arguments requires statutory interpretation, our review is unlimited. See *Jeanes v. Bank of America*, 296 Kan. 870, 873, 295 P.3d 1045 (2013).

*Kansas saving statute, K.S.A. 60-518*

Our analysis begins by considering the provisions of the Kansas saving statute, K.S.A. 60-518, which is critical to the viability of Lehman's case. The statute provides:

> "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." K.S.A. 60-518.

As explained by the Kansas Supreme Court,

"'[t]he general periods of limitation are not changed by [the saving] provision, but it is intended to give a party who brought an action in time, which was disposed of otherwise than upon the merits after the statute of limitations had run, a [period] of grace in which to reinstate his [or her] case and obtain a determination upon the merits.'" *Seaboard Corporation v. Marsh Inc.*, 295 Kan. 384, 395, 284 P.3d 314 (2012).

In order for the saving statute to apply, (1) the first suit must have been filed before the limitations period expired, *i.e.*, "commenced within due time," (2) the first suit must have been dismissed for reasons other than the merits of the claim, (3) the second suit must have been filed within 6 months of dismissal of the first suit, and (4) but for the saving statute, the limitations period must have expired when the second suit was filed. *Campbell v. Hubbard*, 41 Kan. App. 2d 1, 2-3, 201 P.3d 702, *rev. denied* 286 Kan. 1176 (2008).

Applying these requirements here, it is undisputed that case No. 10-C-1150 was filed within the 2-year statute of limitations for a tort claim. And the district court dismissed case No. 10-C-1150 for lack of prosecution, which is not a dismissal based on the merits. Lehman alleged that the City's negligence occurred on March 23, 2009. Thus, the 2-year statute of limitations had expired when Lehman filed the second suit. However, Lehman did not file case No. 12-C-555 within 6 months of the dismissal of case No. 10-C-1150. The district court dismissed case No. 10-C-1150 on August 5, 2011. Lehman did not file case No. 12-C-555 until May 16, 2012, more than 9 months after the dismissal of the first case. As a result, the district court correctly determined that the saving statute did not apply to case No. 12-C-555, and the case was properly dismissed on grounds that it was filed outside the proper statute of limitations.

*Notice of dismissal*

As an alternative strategy to accomplish resurrection of her claim, Lehman asserts the district court improperly dismissed case No. 10-C-1150 because it failed to provide

6

her counsel of record with notice of its intent to dismiss the case, as required by K.S.A. 2013 Supp. 60-241(b)(2). Because the court's failure to provide her counsel proper notice renders dismissal of case No. 10-C-1150 invalid, Lehman argues the original case is still pending and the saving statute applies to case No. 12-C-555.

But Lehman failed to raise this issue before the district court. The only issue Lehman argued in her motion in opposition to the City's motion to dismiss was that the stay resulting from Miller's bankruptcy proceeding caused a stay of the entire case. Issues not raised before the district court cannot be raised on appeal. See *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011). Although there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, Lehman does not acknowledge that she failed to raise this issue below or otherwise allege that any of these exceptions apply to warrant this court's review of her argument. See *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009) (listing exceptions to general rule that new legal theory may not be asserted for first time on appeal). Supreme Court Rule 6.02(a)(5) (2013 Kan. Ct. R. Annot. 39) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. See *State v. Breeden*, 297 Kan. 567, 574, 304 P.3d 660 (2013) (declining to consider issue for this reason). Given Lehman did not properly preserve this issue, we decline to address it on appeal.

*The automatic stay resulting from Miller's bankruptcy only applied to Miller*

Lehman contends the automatic stay that was entered in case No. 10-C-1150 as a result of Miller's bankruptcy created a stay of the entire case that was applicable to all defendants. Lehman claims the case was stayed until she received notice that Miller would be selling all of its assets.

7

Under 11 U.S.C. § 362(a)(1) (2012), a bankruptcy petition "operates as a stay, applicable to all entities," of:

> "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

The automatic stay provision of 11 U.S.C. § 362(a) is one of the fundamental protections provided to a bankruptcy debtor. It stops collection efforts for all antecedent debts and gives the debtor a fresh start, free from the immediate financial pressures that caused the debtor to go into bankruptcy. *United Northwest Fed'l Credit Union v. Arens*, 233 Kan. 514, 515, 664 P.2d 811 (1983). The automatic stay is in force from the moment the bankruptcy petition is filed and terminates automatically when the bankruptcy proceeding is closed or dismissed. 233 Kan. at 516. "It is settled that acts done in violation of the stay are 'void and without effect.'" 233 Kan. at 516.

While it does not appear that Kansas state courts have addressed the effect of an automatic stay on the debtor's codefendants, federal courts follow the general rule that the stay provision extends only to the debtor, not to the debtor's solvent codefendants. See, *e.g.*, *Okla. Federated Gold & Numismatics v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994); see also *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984) ("The language of [11 U.S.C. § 362] extends stay proceedings only to actions 'against the debtor.' There is nothing in the statute which purports to extend the stay to causes of action against solvent co-defendants of the debtor." [citing cases from other circuits]); *In re Sprint Corp. Securities Litigation*, 232 F. Supp. 2d 1193, 1200 (D. Kan. 2002) ("The rule followed in the Tenth Circuit is that the stay provision does not extend to the third party defendants or a debtor's codefendants."). This general rule is overwhelmingly supported by federal caselaw and is further strengthened by the plain

8

language of the statute, which clearly focuses on the insolvent party, *i.e.*, the "debtor." See 11 U.S.C. § 362(a)(1); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544 (5th Cir. 1983) ("To read the 'all entities' language as protecting co-debtors would be inconsistent with the specifically defined scope of the stay 'against the debtor,' § 362[a][1]."). In comparison, Chapter 13 specifically authorizes the stay of actions against codebtors. See 11 U.S.C. § 1301(a) (2012). Conversely, "[n]o such shield is provided Chapter 11 co-debtors by § 362(a)." 706 F.2d at 544.

A limited exception allows a stay to be imposed against the debtor's codefendants under 11 U.S.C. § 362(a)(1) in "unusual circumstances," as "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir.), *cert. denied* 479 U.S. 876 (1986). Other courts have noted that another narrow exception may apply if the bankruptcy proceedings would be adversely impacted if the case is not stayed as to the debtor's codefendants or if the stay would contribute to the debtor's efforts to reorganize. See *Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995); *Teachers Ins. & Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986).

We find persuasive the reasoning of the federal courts in the cases set forth above and adopt it as the law in Kansas. Applying this new legal principle to the facts presented here, we hold the stay provision in this case extended only to the debtor (Miller) and not to the debtor's solvent codefendants. Moreover, there is nothing in the record to support, and Lehman does not allege, application of the limited exceptions described above to the present case. Accordingly, 11 U.S.C. § 362(a)(1) did not operate to stay Lehman's claims against the City.

Affirmed.

9